**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **VINCENT ARCENEAUX AND** | § | |
| **ROSA ARCENEAUX** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 1:19-cv-0503** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 172nd Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

**I.**
**PROCEDURAL BACKGROUND**

1.     On September 12, 2019, Plaintiffs filed this action against State Farm in the 172nd Judicial District Court of Jefferson County, Texas.  The state cause number is E-204523 ("State Court Action").  In Plaintiffs' Original Petition ("Original Petition"), Plaintiffs seek monetary relief over $200,000. (*See* Original Pet. at ¶ 2) State Farm was served on September 16, 2019. State Farm filed its answer on October 4, 2019.

2.     In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 172nd Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

## II.
## NATURE OF SUIT

3.      Plaintiffs filed this lawsuit alleging State Farm failed to pay insurance benefits owed to them in accordance with an insurance policy for damage to their home and other property caused by wind and hail. (*See* Original Pet. at ¶¶ 7–12.) Plaintiff asserts causes of action for breach of contract, for violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. (*Id*. at ¶¶ 24–54.)

## III.
## BASIS OF REMOVAL

4.      The Eastern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiffs were, and continue to be, Texas citizens. (*See* Original Pet. at ¶ 3.)   State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiffs are seeking damages in excess of $200,000. (*See* Original Pet. at ¶ 2.)  Thus, removal to the Eastern District of Texas is proper.

## IV.
## REMOVAL PROCEDURES

7.      On September 12, 2019, Plaintiff filed this case against State Farm in the 172nd Judicial District Court of Jefferson County, Texas. State Farm was served on September 16, 2019. State Farm filed its Answer on October 4, 2019. This Notice of Removal is being timely filed on October 16, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Beaumont Division of the Eastern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Jefferson County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Jefferson County. *See* 28 U.S.C. § 1441(a). Jefferson County is within the jurisdictional limits of the Beaumont Division. *See* 28 U.S.C. § 124(c)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Jefferson County District Clerk's Office and served on the Plaintiffs.

10.      A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## PRAYER

11.     State Farm respectfully requests that the above-styled action now pending in the

172nd Judicial District Court of Jefferson County, Texas, be removed to this Honorable Court

pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiffs, that State Farm recover its costs, and for such other and further relief

to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem, III
State Bar No. 00785086
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jtatem@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 16th day of October, 2019.

Danny Ray Scott                                                **Via CM/ECF**
Scott Law Offices
2019 Wichita St.
Houston, Texas 77004
danny@scottlawyers.com


_____
**DALE M. "RETT" HOLIDY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VINCENT ARCENEAUX AND ROSA | § | |
| ARCENEAUX | § | |
| | § | |
| vs. | § | C.A. NO. _____ |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

## AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.     "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.     I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.     As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.     State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.     As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.     As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.     On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:

1

Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence

and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."

_Michael Roper_
MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the _14th_ day of October, 2019

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

_Karen Hamilton_
Notary Public for the State of Illinois

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.    Danny Ray Scott
      SCOTT LAW OFFICES
      2019 Wichita St.
      Houston, Texas 77004
      Telephone: (713)941-9309
      Facsimile: (844)270-0740
      danny@scottlawyers.com
      **Attorneys for Plaintiffs**


2.    Dale M. "Rett" Holidy
      James A. Tatem, III
      GERMER PLLC
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      Telephone: (713) 650-1313
      Facsimile: (713) 739-7420
      rholidy@germer.com
      jtatem@germer.com
      **Attorneys for Defendant**


### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION


### VINCENT ARCENEAUX AND ROSA ARCENEAUX VS. STATE FARM LLOYDS

        (a)    Plaintiffs' Original Petition
        (b)    Notice of Service Process
        (c)    Defendant State Farm Lloyds' Original Answer
        (e)    Docket Sheet

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/12/2019 2:15 PM
JAMIE SMITH
DISTRICT CLERK
E-204523

CAUSE NO. E-204523

| | | |
|---|---|---|
| VINCENT ARCENEAUX and | § | IN THE DISTRICT COURT |
| ROSA ARCENEAUX, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 172nd JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Vincent Arceneaux and Rosa Arceneaux, file this original petition against

defendant, State Farm Lloyds (hereinafter referred to as "State Farm"), and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure

190.4 and affirmatively plead that this suit is not governed by the expedited actions process in

Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $100,000.

### B. RELIEF

2.    Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV.

P. 47(c)(4).

### C. PARTIES

3.    Plaintiffs, Vincent Arceneaux and Rosa Arceneaux (hereinafter referred to as

"plaintiffs" or "insureds") are individuals and residents of Jefferson County and citizen of the

State of Texas.

4.    Defendant, State Farm Lloyds, is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its Registered Agent, Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### D. JURISDICTION

5.    This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

6.    Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. CONDITIONS PRECEDENT

7.    All conditions precedent to recovery have been performed, waived, or have occurred.

### G. FACTS

8.    Plaintiffs are the owners of a homeowner insurance policy, policy number 53-KF-6798-2, issued by the defendant (hereinafter referred to as the "policy").

9.    Plaintiffs own the insured property that is specifically located at 3490 Saint James Blvd., Beaumont, Texas 77705 (hereinafter referred to as the "property").

10.    Defendant or its agent sold the policy, insuring the property, to plaintiffs.

11.    On or about August 30, 2017, plaintiffs' property sustained windstorm and hail damage. Plaintiffs' garage roof sustained extensive damage during the storm including damage

to the shingles, pipe jack, drip edge, and other structural parts of the roof.   Water intrusion from the window damaged the interior of the home including the including the wall of the dining room.   After the storm, plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the storm.

12.   Plaintiffs submitted a claim to State Farm against the policy for damage caused to the property as a result of the wind and hail.   Plaintiffs asked State Farm to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.   State Farm assigned claim number 531266F17 to plaintiffs' claim.

13.   On or about September 18, 2017, Scott Starns (hereinafter referred to as "Starns"), on behalf of State Farm, inspected the property in question. The storm caused significant damage to the garage roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

14.   Starns' unreasonable investigation of the claim included a failure to comply with State Farm's policies and procedures concerning roof inspections and when to replace or repair a roof. The garage roof required full replacement under State Farm's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Starns performed an unreasonable investigation by failing to document all of the damage to the garage roof. Starns did not conduct a thorough garage roof inspection and only allowed the minimum cost to remove and replace four (4) roof shingles. As a result of Starns' unreasonable and brief investigation, the insureds were wrongly denied the full cost to replace the roof.

15.   Starns performed an insufficient and unreasonable interior investigation of the property.  Water intrusion from the window caused extensive damage to the wall of the dining room.  The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, and content removal.  Starns did not conduct a thorough interior inspection and only allowed for a minimum costs for interior damages.  As a result of Starns' unreasonable investigation, the insureds were wrongly denied the full cost to repair all of the interior damage.

16.   Despite documenting damage to the roof, Starns performed an insufficient and unreasonable interior investigation of the home.  As a result, Starns missed significant interior damages to the insureds' home.  Starns conducted an insufficient inspection and prematurely closed the insureds' claim.  At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by State Farm.

17.   State Farm failed to properly adjust the claim and defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insureds.  Furthermore, State Farm underpaid portions of the insureds' claims by not providing full coverage for the damages sustained by the insureds, as well as under-scoping the damages during its investigation.

18.   To date, State Farm continues to delay in the payment for the damages to the property.  As such, the insureds' claim(s) still remain unpaid and the insureds still have not been able to properly repair the property.

19.   State Farm employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of State Farm's promise to pay.  State Farm's claims system consists of, in part, the following:

a.   Claims adjusting policies and procedures;

b.   Claims handling procedures and materials and claim files to track customer claims;

c.   Claim files containing documentation relating to:

(1)   the investigation of Insured's claim;

(2)   the evaluation of coverage, liability and damages;

(3)   negotiation or alternative dispute resolution (ADR) to achieve settlement; and

(4)   litigation management.

d.   Claims underwriting procedures, files and reports that relate to:

(1)   the condition of the risk at the time of underwriting and during the investigation of the claim;

(2)   information provided by State Farm's claims representatives to underwriting department about the condition of the risk;

(3)   information related to State Farm's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

(4)   loss control measures instituted by State Farm's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

(5)     on-site inspections conducted by State Farm's loss control personnel to

provide underwriters with a thorough assessment of the risk.

e.     Personnel files and procedures relating to the qualifications, training and

supervision of its employees; and

f.     State Farm's relationships with and procedures created to supervise third-party

adjusters that it allows to handle its customers' claims.

20.   State Farm failed to follow applicable claim adjusting policies and procedures,

including its own claim adjusting policies and procedures, while handling Insureds' claim.

21.   In addition, State Farm failed to properly assess the condition of the risk during the

underwriting process and during the policy period and State Farm failed to establish a loss

reserve that was commensurate with the risk and possible extent of the loss.   State Farm's

improper underwriting actions negatively impacted the amount of funds available for a fair

payment of Insureds' claim and provided State Farm with a motive to underpay and/or

wrongly deny Insureds' claim.

22.   State Farm failed to properly qualify, train and supervise its employees and agents to

whom State Farm entrusted the handling of various portions of Insureds' claim.  The identity of

these agents and employees include, but are not limited to, Scott Starns, and Michael Wyatt.

23.   State Farm, its agents and employees failed to follow procedures and properly execute

their duties as promulgated in State Farm's system of administering and handling Insureds'

claim.  State Farm's actions, as detailed in the facts of this petition and the allegations set forth

below, caused a system failure that resulted in State Farm's violation of the Texas Insurance

Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common

law principles of law. These violations resulted in State Farm's denial to Insureds of the full

protection and benefits of these laws and the policy benefits to which Insureds were entitled.

### H. COUNT 1 - BAD FAITH

24.    Plaintiffs are insureds under an insurance contract issued by State Farm, which gave

rise to a duty of good faith and fair dealing.

25.    Defendant breached the duty by denying and delaying payment of a covered claim

when defendant knew or should have known its liability under the policy was reasonably clear.

26.    Following its initial inspection conducted on September 18, 2017, State Farm possessed

all information necessary to enable it to make a fair coverage and payment determination on

plaintiffs' claim.    In addition, following its initial inspection, State Farm failed to provide

coverage for all of the covered damage, including the damage that plaintiffs' inspector

discovered during his inspection. Although State Farm designed its claims investigation system

in a manner that would ensure timely claim payments, reasonable property inspections, and

thorough property inspections, State Farm failed to honor its obligation to perform a reasonable

investigation and issue timely payment to plaintiffs.

27.    Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in

the following damages:

       a.    mental anguish damages; and

       b.    loss of policy benefits.

28.    <u>Exemplary damages.</u>  Plaintiffs suffered injury independent of the loss of policy

benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud,

which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## I. COUNT 2 - BREACH OF CONTRACT

29.   In addition to other counts, State Farm breached its contract with plaintiffs.

30.   Plaintiffs and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

31.   Plaintiffs fully performed plaintiffs' contractual obligations.

32.   State Farm breached the contract by refusing to pay the full amount of the cost to repair or replace the property. State Farm failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiffs.

33.   Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

34.   <u>Attorney Fees.</u>  Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to State Farm. State Farm did not tender the amount owed within 30 days of when the claim was presented.

## J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

35.   Defendant State Farm failed to explain to plaintiffs the reasons for State Farm's offer of an inadequate settlement. State Farm failed to offer plaintiffs adequate compensation without

adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiffs' claim.

36.   State Farm failed to affirm or deny coverage of plaintiffs' claim within a reasonable time.   Specifically, plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm.

37.   State Farm refused to fully compensate plaintiffs under the terms of the policy, even though State Farm failed to conduct a reasonable investigation.   State Farm performed an outcome-oriented investigation of the plaintiffs' claim which resulted in a biased, unfair and inadequate evaluation of plaintiffs' losses on the property.

38.   State Farm failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiffs' claim, begin an investigation of plaintiffs' claim, and request all information reasonably necessary to investigate plaintiffs' claim within the statutorily mandated time of receiving notice of plaintiffs' claim.

39.   State Farm failed to accept or deny plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   In addition, State Farm failed to communicate with plaintiffs to ensure that plaintiffs understood the coverage denials they received.

40.   Defendants' acts or practices violated:

a.   Texas Insurance Code chapter 541, subchapter B.

(1)   Misrepresenting to a claimant a material fact or policy provision

relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2)      Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3)      Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4)      Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5)      Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6)      Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7)      Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b.      Texas Deceptive Trade Practices Act §17.46(b).

(1)      Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c.      Texas Insurance Code Chapter 541.151.

41.      Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a.      actual damages; and

b.   insurance policy proceeds.

42.   Plaintiffs seek damages within the jurisdictional limits of this Court.

43.   <u>Additional damages.</u>  Defendants acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

44.   <u>Attorney fees.</u>  Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## K. COUNT 4 - LATE PAYMENT OF CLAIMS

45.   Plaintiffs are insureds under a contract for homeowner's insurance issued by defendant.

46.   Defendant State Farm is a corporation.

47.   Plaintiffs suffered a loss covered by the policy and gave proper notice to State Farm of plaintiffs' claim.

48.   State Farm is liable for the claim and had a duty to pay the claim in a timely manner.

49.   On State Farm's behalf, Scott Starns conducted his inspection on September 18, 2017. Following this inspection, State Farm provided coverage for the following:

a.   Garage roof damage in the amount of $54.33;

b.   Damage to the bedroom in the amount of $105.51;

c.   Damage to the laundry room in the amount of $429.07;

d.   Damage to the metal shed in the amount of $39.37; and

e.   Client incurred charges for debris removal, and labor in the amount of $637.03.

50.   State Farm did not issue a payment to plaintiffs.

51.   Defendant breached its duty to pay plaintiffs' claim in a timely manner by not timely:

a.   acknowledging the claim;

b.   investigating the claim;

c.   requesting information about the claim;

d.   paying the claim after wrongfully rejecting it; and

e.   paying the claim after accepting it.

52.   State Farm's breach of duty caused injury to plaintiffs, which resulted in the following damages:

a.   mental anguish damages;

b.   policy proceeds;

c.   prejudgment interest

53.   Statutory damages.   Plaintiffs are entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

54.   Attorney fees.   Plaintiffs are entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## L. JURY DEMAND

55.   Plaintiffs respectfully request a trial by jury.

## M. CONDITIONS PRECEDENT

56.   All conditions precedent to plaintiffs' claim for relief have been performed or have occurred.

## N. REQUEST FOR DISCLOSURE

57.   Under Texas Rule of Civil Procedure 194, plaintiffs request that defendant disclose,

within 50 days of the service of this request, the information or material described in Rule 194.2.

## O. PRAYER

58.   For these reasons, plaintiffs ask that they be awarded a judgment against defendant

for the following:

     a.   Actual damages.

     b.   Statutory damages.

     c.   Prejudgment and postjudgment interest.

     d.   Court costs.

     e.   Attorney fees.

     f.   All other relief to which plaintiffs are entitled.

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

*/s/Danny Ray Scott*
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiffs*



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Vincent Arceneaux vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Jefferson County District Court, TX |
| **Case/Reference No:** | E-204523 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/16/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Danny Ray Scott<br>713-941-9309 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com


Citation by Mailing

# THE STATE OF TEXAS

No. E-0204523

## VINCENT ARCENEAUX ET AL
## VS. STATE FARM LLOYDS

## CITATION BY MAILING

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **STATE FARM LLOYDS**
  **BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**

by serving at:
**211 E 7TH STREET**
**SUITE 620**
**AUSTIN, TX   78701 3218**

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 12th day of September, 2019. It bears cause number E-0204523 and is styled:

Plaintiff:

**VINCENT ARCENEAUX ET AL**

VS.

**STATE FARM LLOYDS**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

**SCOTT, DANNY R JR, Atty.**
**2019 WICHITA STREET**
**HOUSTON, TX   77004 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 13th day of September, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY *Valencia Simpson* Deputy

Valencia

### RETURN OF SERVICE

E-0204523          172nd JUDICIAL DISTRICT COURT

VINCENT ARCENEAUX ET AL

STATE FARM LLOYDS

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
STATE FARM LLOYDS
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET
SUITE 620
AUSTIN, TX 78701 3218

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____

Total                              $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

(First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/4/2019 1:04 PM
JAMIE SMITH
DISTRICT CLERK
E-204523

**CAUSE NO. E-204523**

| | | |
|---|---|---|
| VINCENT ARCENEAUX and | § | IN THE DISTRICT COURT OF |
| ROSA ARCENEAUX | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | 172ND  JUDICIAL DISTRICT |

## <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

## I.
## GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.

## DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.     **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

4.     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

5.     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.     **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.     **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.     give immediate notice to us or our agent…

b.     protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

*   *   *   *   *

d.     as often as we reasonably require:

(1)     exhibit the damaged property;

(2)     provide us with records and documents we request and permit us to make copies

(3)     submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

7.     **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

8.     **Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    \* \* \* \* \*

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    \* \* \* \* \*

    i.  mold, fungus or wet or dry rot….

    l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

        (4) maintenance;

    c.  weather conditions.

9.     **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

\*   \*   \*   \*   \*

c.   **Water Damage**, meaning:
   (1)   Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
   (2)   water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
   (3)   water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
   (4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

\*   \*   \*   \*   \*

d.   **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

10.   **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

### COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

    d.    **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

### SECTION I - LOSSES NOT INSURED

    2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

    **11.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

    **12.**    **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

    **13.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear

and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

16.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

### IV.
### JURY DEMAND

17.     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that

Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 4th day of October, 2019.

Danny Scott                                                    **VIA E-SERVICE**
Scott Law Offices, P.C.
P.O. Box. 53358
Houston, Texas 77052


_____
**DALE M. "RETT" HOLIDY**

# CIVIL DOCKET, DISTRICT COURT

CASE NO. E-0204523-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| E-0204523- | ARCENEAUX, VINCENT<br>VS<br>STATE FARM LLOYDS | SCOTT, DANNY R JR **PLFT**<br>HOLIDY, DALE M (RHETT) **DEFT** | CONTRACT: OTHER | 9/12/2019 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | 40.00 | 9/13/19 |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

OCT 1 6 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY